No. 2052

Second Circuit Appeal

---

ISAAC POSNER v. MISSOURI PACIFIC R. R. COMPANY

(January 12, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 132.**
In a suit by the consignor against the carrier to recover the loss caused by damage to the goods shipped where no exception has been filed in limine to the right of such consignor to sue, and the consignee or person for whom the shipment was intended appears and testifies for the plaintiff on the merits the defense by the carrier that the consignor, not being the owner of the goods, has

no cause of action, can not avail it, since the only object of the carrier in seeking to have the proper plaintiff is to avoid double payment for the damages claimed.

2. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court on matters of fact being clearly correct is affirmed.

Appeal from the Parish of Rapides, Hon. A. V. Hundley, Judge.

This is a suit brought by the consignor against the railway company for damages to a shipment of onions while in transit. The consignor or person for whom the shipment was intended intervened and asked that damages be awarded the plaintiff.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Mr. Hill, of Alexandria, attorney for plaintiff, appellee.

Hawthorne & Stafford, of Alexandria, attorneys for defendant, appellant.

CARVER, J. Defendant appeals from a judgment against it, awarding plaintiff one hundred and twenty-two and 79-100 dollars damages to a carload of onions bought of one Schaffer and shipped from St. Mathews, Kentucky, on a route beginning with the Louisville and Nashville Railroad and ending with that of defendant.

Appellant's counsel argues that inasmuch as the onions were shipped by Schafer to his own order they did not become the property of plaintiff until he had paid the draft to which the bill of lading was attached, which payment was made after the onions were damaged, and hence that the damages, if any, are not due to plaintiff but to Schafer.

This plea is met by the fact that Schafer intervened in the suit and asked that the damages be awarded to plaintiff.

As to defendant's claim that Schafer had no interest; this could only be true in case the damages were due to plaintiff.

But its counsel's main argument is that Schafer was the one entitled to damages, if any. If this be true he had the right to sue for his own benefit or that of any other person, and his petition amounts substantially to suing for the benefit of plaintiff.

Defendant does not claim to have a defense against Schafer not available in this suit. It only claims that it could more conveniently defend a suit brought by him in Kentucky. But he had the right to sue here. Having done so and been dismissed on a ground that conceded plaintiff's rights, defendant can hardly urge that it prefers to meet Schafer in a tribunal of its selection.

Schafer's failure to appeal can not deprive plaintiff of his right to recover which, if doubtful originally, ceased to be so the instant Schafer intervened in his behalf and before judgment was rendered upon the intervention. Besides the judgment rendered in plaintiff's favor was just what Schafer had asked for and he was not obliged to appeal from the judgment he had sought merely because the lower court rendered it upon plaintiff's petition instead of his own.

2 La. Digest, verbo Carriers of Passengers, etc., Sec. 132, Werlein vs. Texas, etc., R. Co., 5 Orl. App. 216, as holding that: "In a suit by the consignor against the carrier to recover the loss caused by damage to the goods shipped where no exception has been filed in limine to the right of such consignor to sue, and the consignee appears and testifies for the plaintiff on the merits the defense by the carrier that the consignor, not being the owner of the goods, has no cause of action, can not avail it, since the only object of the carrier in seeking to have the proper plaintiff is to avoid double payment for the damages claimed."

We think the doctrine of this decision sound and if the mere fact that one of the parties to whom the damage might be due testified for the other could have the effect of fixing that other's right to recover, for the greater reason would a formal judicial admission and prayer do so.

We do not overlook defendant's argument that plaintiff was not the consignee but we can not agree with it. Schafer did not consign to himself but to his order. The consignee, therefore, was not Schafer but the person to whom he might give the order; and from the notation, "Notify Posner," defendant was advised that Posner would probably be that person.

Our conclusion on this point makes it unnecessary to examine the question, so ably argued by defendant's counsel, whether the damages, if any, were originally due to plaintiff or to the intervenor.

On the merits the proof shows that the onions were about three and a half days in transit and on arrival in Alexandria were to the extent of about twenty per cent soft and in a rotting condition. By memorandum on the way bill, made by defendant's Alexandria agent, it appears that the upper end shutters of the refrigerator car containing the onions were closed at the time of inspection and the car was very hot. This agent adds that the damage was "evidently due to the quality of onions and heat in car."

It was agreed that Schafer would swear that the onions were in first-class condition in every respect when shipped.

We think this testimony sufficient to rebut the agent's opinion as to the quality of the onions and hold that the damages were due to negligence in permitting the car to become heated.

Defendant complains that, although the damages to the onions were estimated at only 19 to 20 per cent, which, figured at cost price at point of shipment, $312.50, would amount to only $62.50, yet the court

allowed $122.79, or say $60.79 more than 20 per cent.

The amount allowed was exactly the amount sued for and testified to by the plaintiff.

The notation made by defendant's agent on the way bill and the correspondence between defendant and plaintiff and the Alexandria Chamber of Commerce, to which he turned over his claim for settlement, fully advised defendant that part of the claim was for reconditioning the onions.

We think his expenses in that regard a proper element of damages.

If defendant thought $60.00 too much on that score it could on cross-examination have required plaintiff to furnish a detailed statement. Failing to do this we do not think it incumbent on us either to give our own estimate of these expenses or to reject that part of the claim based thereon.

The judgment of the lower court is affirmed.